BLAKESLEE et al. v. NEW YORK CENT. & H. R. R. CO.

(District Court, S. D. New York. June 29, 1904.)

1. SHIPPING—COLLISION OF BARGE WITH WHARF—NEGLIGENT HANDLING BY CHARTERER.

Injury to a barge chartered to respondent by being brought into violent contact with a wharf while being towed by respondent's tug, *held*, on conflicting evidence, to have been due to negligent handling by the tug.

In Admiralty. Suit to recover for injury to a barge.

James J. Macklin, for libellants.

Butler, Notman, Joline & Mynderse and Frederick M. Brown, for respondent.

ADAMS, District Judge. This action was brought by Selden Blakeslee, owner of the barge Katie, and Peter Gunderson, her master, to recover their respective damages, alleged to have been sustained through the carelessness of the respondent in handling the barge, through which she received injury to the extent of about $1,275, from a severe contact with a wharf of the West Shore Railroad Company at Weehawken, in the morning of the 28th day of January, 1903. The master claims in the libel the loss of some personal effects through a subsequent sinking.

The Katie was under charter to the respondent and used for transporting cargoes about the harbor of New York, towed by the respondent's tugs.

On the morning in question, she received some injury to her stem, which the libellants contend was the result of the respondent's negligence in bringing the barge, while being towed, into violent collision with the wharf mentioned. The respondent contends that the barge's apron behind the stem was so old and rotten that it would not withstand the ordinary contacts of navigation, and that the accident was due to her condition and not to any carelessness upon the respondent's part.

It appears that the barge was old and not very strong, but she had been repaired shortly before the accident by the insertion of a new stem, which was partly fastened to the old, but not unsound, apron. The stem was knocked to one side by the contact and all the strong bolts

fastening it bent seriously. It also appears that a lamp and chimney on the wall of the cabin were knocked from the side to the centre of the cabin. Such facts scarcely seem consistent with an ordinary contact and go to sustain the master's testimony that she was brought in violent contact with the wharf at Weehawken, producing the injury complained of. The respondent's testimony, which is principally of a negative character, does not suffice to meet the positive testimony of the barge's master, corroborated as it is by that of the surveyors, who examined the boat shortly after the accident. They explained the nature of the injury and said the condition of the boat was fairly good, apart from the damage to the stem.

About 11:35 A. M. of the 28th, the respondent's tug No. 12 took the barge in tow alongside, to be taken to pier 16 East River, with a car load of shooks. The master of the tug then noticed that there was a gap of several inches between the new stem of the barge and the side planking and speaking to the master of the barge about it, asked him if the boat was safe to tow in such condition. The master of the barge replied that she would doubtless go safely if towed stern first, which plan was adopted, but when she reached the vicinity of the Battery, the master noticed she was making water and called upon the tug for assistance, which was given. She was then taken into pier 4 East River and the cargo discharged into another boat. The barge was subsequently taken by another tug to Stanton Street, where she sank.

I have given due consideration to the respondent's contention with respect to the apron and that the accident was due to its condition.

I conclude that there should be a decree for the libellants, with an order of reference.